FILED
JUL 19 2011
Clerk, U S District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN B. SKUROW )<br>558/21 Tirosh St. )<br>Jerusalem, 93857 )<br>ISRAEL )<br>011-972-2-633-6300 )<br> )<br>           Plaintiff )<br> )<br>v. )<br> )<br>U.S. DEPARTMENT OF HOMELAND )  ←SERVE<br>SECURITY, Janet Napolitano, Secretary )<br>301 7th St. SW )<br>Washington, D.C. 20528 )<br> )<br>TRANSPORTATION SECURITY )  ←SERVE<br>ADMINISTRATION, John S. Pistole, )<br>Administrator )<br>601 South 12th Street )<br>Arlington, VA 202598-6002 )<br> )<br>           Defendant )<br>_____ ) | Case: 1:11-cv-01296<br>Assigned To : Sullivan, Emmet G.<br>Assign. Date : 7/19/2011<br>Description: FOIA/Privacy Act |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
### (Freedom of Information Act and Privacy Act)

Plaintiff Ryan B. Skurow brings this action against Defendant U.S. Department of Homeland Security, Transportation Security Administration ("TSA") to compel compliance with the Freedom of Information Act, 5 U.S.C. §552 ("FOIA") and the Privacy Act, 5 U.S.C. §552a. As grounds therefore, Plaintiff alleges as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §552a(g)(1), and 28 U.S.C. §§1331 and 1346.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(e).

## Parties

3. Plaintiff is a natural person and citizen of the United States of America over the age of 18 years, currently residing in the State of Israel at 558/21 Tirosh St., Jerusalem, Israel 93857.

4. Defendant TSA is an agency of the United States Government within the Department of Homeland Security, having its principal offices at 601 South 12th Street, Arlington, VA 202598-6002. Defendant TSA has possession, custody and control of the records to which Plaintiff seeks access.

## Statement of Facts

5. On August 8, 2010, Plaintiff sent a Privacy Act/FOIA request to Defendant TSA seeking access to the foregoing records pursuant to 5 U.S.C. § 552(d)(1) and 5 U.S.C § 552(a)(3). See Exhibit A, attached hereto.

6. Defendant TSA acknowledged receipt of Plaintiff's Privacy Act/FOIA request by letter dated August 17, 2010 and assigned Plaintiff's request file number: TSA 10-0736. See Exhibit B, attached hereto.

7. Defendant TSA extended the time for responding to Plaintiff's request by 10 days citing 5 U.S.C. § 552(a)(6)(B).

8. When, as of January 13, 2011, Defendant TSA had failed to respond to Plaintiff's requests within the statutory period as extended, Plaintiff filed an administrative appeal with Defendant TSA in accordance with the TSA regulations, 6 C.F.R. § 5.25 and 6 C.F.R. § 5.9. See Exhibit C, attached hereto.

9. As of July 14, 2011 Defendant TSA has failed to produce any records or access thereto in response to Plaintiff's request as mandated by the FOIA and the Privacy Act and in direct violation thereof and of Defendant TSA's own regulations promulgated under the aforementioned statutes.

10. By letter dated April 8, 2011 (the "April 8th Letter"), Special Counselor Kimberly Walton at Defendant TSA advised Plaintiff's counsel in writing that the administrative appeal could not be heard until an initial determination has been made by the Defendant TSA's FOIA Office. In the same letter, Ms. Walton advised Plaintiff's counsel that Plaintiff may treat the April 8th Letter as a denial of his appeal and that Plaintiff may therefore seek judicial review of the decision pursuant to 5 U.S.C. §552(a)(4)(B). See Exhibit D, attached hereto.

11. Plaintiff has, therefore, exhausted his administrative remedies under both the FOIA and the Privacy Act.

### COUNT I
(Violation of the FOIA)

12. Plaintiff re-alleges the facts set forth in Paragraphs 1 through 13 as if fully stated herein.

13. Defendant TSA has violated the FOIA by failing to produce any and all non-exempt records responsive to Plaintiff's FOIA request dated August 8, 2010 within the

twenty (20) day time period required by 5 U.S.C. §552(a)(6)(A)(i) as extended by 10 additional days under 5 U.S.C. §552(a)(6)(B).

*WHEREFORE*, Plaintiff respectfully prays that this Court: (1) declare Defendant TSA's failure to comply with the FOIA to be unlawful and unjustified; (2) order Defendant TSA to produce any and all non-exempt records responsive to Plaintiff's August 8, 2010 FOIA request and a *Vaughn* index of allegedly exempt responsive records by a date certain; (3) enjoin Defendant TSA from continuing to withhold any and all non-exempt records responsive to Plaintiff's August 8, 2010 FOIA request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

## COUNT II
(Violation of the Privacy Act)

14. Plaintiff re-alleges the facts set forth in Paragraphs 1 through 13 as if fully stated herein.

15. Defendant TSA has violated the Privacy Act by failing to provide access to any and all non-exempt records responsive to Plaintiff's Privacy Act request dated August 8, 2010.

*WHEREFORE*, Plaintiff respectfully prays that this Court: (1) declare Defendant TSA's failure to comply with the Privacy Act to be unlawful and unjustified; (2) order Defendant TSA to provide Plaintiff access to any and all non-exempt records responsive to Plaintiff's August 8, 2010 Privacy Act request and a *Vaughn* index of allegedly exempt responsive records by a date certain; (3) enjoin

Defendant TSA from continuing to withhold any and all non-exempt records responsive to Plaintiff's August 8, 2010, Privacy Act request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552a(g)(3)(B); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: July 19, 2011

Respectfully submitted,

_____
Ryan B. Skurow, *Pro Se*
558/21 Tirosh St.
Jerusalem, 93857
ISRAEL
Nechemiah.skurow@gmail.com
011-972-2-633-6300